# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 06-CR-20632-DT

    HON. DENISE PAGE HOOD

ROBIA BAYDOUN D-1,

    Defendant.

_____/

## ORDER DENYING MOTION TO
## TERMINATE AND CANCEL RESTITUTION

### I.    BACKGROUND

Defendant Robia Baydoun was charged in an Indictment with sixty-seven (67) counts alleging: Illegal Distribution of Controlled Substances, 21 U.S.C. § 841(a)(1); Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1); Money Laundering, 18 U.S.C. §§ 1957 and 2; Health Care Fraud, 18 U.S.C. § 1347; and, Criminal Forfeiture, 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), (7), 21 U.S.C. § 853, 28 U.S.C. § 2461. (ECF No. 1, Indictment) Defendant entered into a Rule 11 Plea Agreement with the Government, entering a plea of guilty before the Court to Counts 57, 59 and 61 (Possession with Intent to Distribute Controlled Substances, Health Care Fraud and Money Laundering) on November 19, 2009. (ECF No. 57, Plea Agreement) On March 3, 2010, the Court entered a Judgment against Defendant,

sentencing Defendant to terms of imprisonment: 37 months on Count 57; 37 months on Count 59; and 37 months on Count 62, all to run concurrent. (ECF No. 58, Judgment) The Court also ordered two years of supervised release on each count to run concurrent and restitution[1] in the total amount of $117,545.29. On April 4, 2014, the Court entered an Order Terminating Supervised Release. (ECF No. 59)

On June 25, 2014, Defendant moved to terminate and cancel his restitution payments by seeking to have the restitution amount be satisfied by the assets and property he forfeited. (ECF No. 61) The Government filed a response to the motion. (ECF NO. 62)

## II. ANALYSIS

### A. Jurisdiction

Defendant does not cite any authority as to the Court's jurisdiction to review the instant post-judgment motion. Defendant did not appeal this Court's Judgment nor a § 2255 motion to challenge the sentence imposed by the Court.

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or

---

[1] The Mandatory Victim Restitution Act, 18 U.S.C. § 3664, is mandatory and requires a district court to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *United States v. Bogart*, 576 F.3d 565, 573 (6th Cir. 2009).

(ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). 28 U.S.C. § 2255 allows a criminal defendant to attack a sentence collaterally, if filed within 1-year from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion and are normally made on direct appeal or they are waived. *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001). A petitioner bringing a § 2255 motion must generally be in custody. *United States v. Watroba,* 56 F.3d 28, 29 (6th Cir. 1995). Sentencing challenges, including restitution, that cannot otherwise be reviewed for the first time on a § 2255 motion, can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 694 (1984). *Weinberger*, 268 F.3d at 351, 352 n. 1.

Defendant's Judgment was entered on March 4, 2010. ECF No. 58, Judgment.

Defendant filed no notice of appeal from the Judgment nor a 28 U.S.C. § 2255 motion within one-year from when the Judgment became final. The instant motion was filed on June 25, 2014, more than four years after the entry of the Judgment. ECF No. 61. Defendant was not "in custody" at the time the instant motion was filed as required under § 2255 since the Order Termination Supervised Release was entered on April 4, 2014. ECF No. 60. The Court has no authority to review Defendant's motion to terminate or cancel restitution.

Defendant cites 18 U.S.C. § 981(e) for the authority that forfeited property may be applied to the restitution amount if the Government so chooses. The express language of the statute provides that "*the Attorney General, the Secretary of Treasury, or the Postal Service*, as the case may be, is authorized to retain property forfeited pursuant to this section, or to transfer such property on such terms and conditions as he may determine– (6) as restoration to any victim of the offense giving rise to the forfeiture ..." 18 U.S.C. § 981(e) (italics added). The statute does not authorize the Court to transfer any assets or property to satisfy any restitution ordered by the Court.

The Government did respond that the U.S. Attorney's Office sent a formal restoration request to the Asset Forfeiture Laundering Section at the Department of Justice to use any forfeited property to satisfy restitution in this case.[2] Because the

---

[2] The Government indicated it would notify the Court as to the AFMLS's decision, but the docket does not show the outcome of the AFMLS request to date.

Attorney General, not the Court, has the authority to transfer any forfeited property to satisfy any restitution ordered in Defendant's Judgment, the Court denies Defendant's Motion to Terminate and Cancel Restitution.

Accordingly,

IT IS ORDERED that Defendant's Motion to Terminate and Cancel Restitution **(ECF No. 61)** is DENIED.

DATED: August 14, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge